| DISTRICT COURT OF THE VIRGIN ISLANDS |
|:---:|
| DIVISION OF ST. CROIX |

STEPHEN PLANTE,

        Plaintiff,    2004-CV-0074

  v.

BRET ALAN ROSANE,

        Defendant.

TO:   Lee J. Rohn, Esq.
       Richard H. Hunter, Esq.

### ORDER DENYING PLAINTIFF'S MOTION TO STAY DECISION OF COURT DATED OCTOBER 19, 2007

      THIS MATTER came before the Court upon Plaintiff's Motion to Stay Decision of Court Dated October 19, 2007 (Docket No. 143). Plaintiff filed an opposition to said motion. Because of the time-sensitive nature of the motion, the Court issues this order without necessity of reply.

      The decision whether to grant a stay lies within the discretion of the Court.

      The power to stay proceedings is incidental to the power inherent in every court to schedule disposition of the cases on its docket so as to promote fair and efficient adjudication. How this can best be done is a decision properly vested in the trial courts. *Landis v. North American Co., supra*, 299 U.S. at 254-55, 57 S. Ct. at 165-66. District courts have wide discretion in setting their own calendars, and when a matter is committed to the discretion of those courts, it cannot be said, absent a patent abuse of that discretion, that "a

*Plante v. Rosane*
2004-CV-0074
Order Denying Plaintiff's Motion to Stay
Page 2

> litigant's right to a particular result is 'clear and indisputable.'" *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 665-66, 98 S.Ct. 2552, 2558-59, 57 L.Ed.2d 504 (1978).

*Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983).

In the matter at bar, Plaintiff seeks a stay of the operation of the Court's Order Denying Plaintiff's Motion For a Protective Order and Ninth Amended Scheduling Order (Docket No. 124) with respect to the taking of certain depositions, pending resolution of Plaintiff's appeal of said order (*see* Docket No. 145).

> When evaluating a motion for a stay pending an appeal, a court should consider: (1) whether the stay applicant made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will suffer irreparable injury absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Commodity Futures Trading Comm'n v. Equity Financial Group, LLC*, Civil No. 04-1512 (RBK), 2007 WL 1412275 at *1 (D.N.J. May 11, 2007) (*citing Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Republic of Philippines v. Westinghouse Elec. Corp.,* 949 F.2d 653, 658 (3d Cir. 1991)).

Applying these factors to this matter, the Court finds that Plaintiff, the "stay applicant," has not made any showing that he is likely to succeed on the merits of his appeal. Given that Plaintiff failed to address this issue, the first factor weighs against the granting of a stay.

*Plante v. Rosane*
2004-CV-0074
Order Denying Plaintiff's Motion to Stay
Page 3

While Plaintiff alleges that denying a stay would "effectively" moot his appeal, Motion at 1, he does not specifically articulate how he would suffer irreparable injury absent a stay. The Court is hesitant to find irreparable injury from the depositions that Plaintiff seeks to stay. Thus, the Court finds that this factor weighs against the granting of the stay.

This matter now is scheduled for trial in April. Discovery and deadlines in this matter have been extended a number of times. A stay would extend those deadlines even farther. The Court finds that these circumstances support injury to the other party and the public interest in moving the litigation forward. Consequently, these factors weigh in favor of denying Plaintiff's motion.

Based upon the foregoing, the Court finds that a stay is not warranted. Accordingly, it is now hereby **ORDERED** that Plaintiff's Motion to Stay Decision of Court Dated October 19, 2007 (Docket No. 143) is **DENIED**.

ENTER:

Dated: November 6, 2007

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE