# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

STEPHEN PLANTE,                             )
                                           )
                 Plaintiff,            )
                                             )      CIVIL NO. 2004/0074
v.                                          )
                                             )
BRET ALAN ROSANE,                           )
                                             )
                 Defendant.           )
                                             )

## <u>MEMORANDUM OPINION</u>

FINCH, J.

        THIS MATTER comes before the Court on Plaintiff's Appeal From Magistrate Judge's Order Entered October 19, 2007 Denying Plaintiffs' Motion for a Protective Order.  Defendant opposes such Appeal.

## I.       FACTUAL & PROCEDURAL BACKGROUND

        At a status conference held on August 15, 2007, the Magistrate Judge asked the parties to enter into a stipulation extending the deadline for fact discovery and depositions. The Magistrate Judge informed the parties that if they were unable to agree on the terms, he would enter an order setting the schedule for fact discovery.  Defendants prepared a stipulation and forwarded it to Plaintiff's counsel for signature with a copy sent to the Magistrate Judge.  Plaintiff's counsel objected to a provision in Paragraph 1 of the Stipulation. The Stipulation and proposed Order

were amended as requested by Plaintiff's counsel and were filed with the District Court (Docket No. 103), which entered the Eighth Scheduling Order (Docket No. 105) on August 27, 2007.

On September 19, 2007 Plaintiff filed a Motion for a Protective Order (Docket No. 120). Plaintiff argued that the Magistrate Judge had reopened fact discovery on very specific terms and the Stipulation entered into by the parties was limited by those terms. On October 19, 2007 the Magistrate Judge denied the Motion for Protective Order, ruling that Plaintiff's counsel had entered into the Stipulation voluntarily and was bound by it. See Order Denying Plaintiff's Motion for a Protective Order (Docket No. 124). Plaintiff now appeals the Magistrate Judge's Order denying his Motion for a Protective Order.

## II.     STANDARD OF REVIEW

Magistrate Judges are allowed to issue rulings on non-dispositive pretrial matters. Fed. R. Civ. P. 72(a). When a party appeals a magistrate's ruling, this Court can modify or set aside any portion of that ruling it finds to be "clearly erroneous or contrary to law." Id. A ruling is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Marks v. Struble, 347 F.Supp.2d 136, 149 (D.N.J. 2004). In addition, a Magistrate Judge's ruling is contrary to law if "the Magistrate Judge misinterpreted or misapplied the applicable law." Id. The Magistrate Judge's decisions are accorded wide discretion. National Labor Relations Board v Frazier, 966 F.2d 812, 817 (3d Cir. 1992).

III.    DISCUSSION

Plaintiff insists that the Magistrate Judge issued a ruling from the bench on August 15, 2007 and subsequently entered a written order on August 27, 2007 setting clear limits on the discovery at issue.  Pl.'s Appeal of Magistrate Judge's Oct. 19, 2007 Order at 1.  Plaintiff claims that he relied on said order as to the precise parameters of the factual discovery still open when he stipulated to extend the deadline.  Id.  Plaintiff argues that the Magistrate Judge improperly reopened all factual discovery on the basis of an agreement that Plaintiff never made because the Magistrate specifically reopened discovery only for the taking of three depositions in his Order of August 27, 2007.  Id. at 2.

Plaintiff's Appeal sets forth several misstatements of the procedural history leading to the Magistrate Judge's October 19, 2007 Order Denying Plaintiff's Motion for a Protective Order.  During the proceedings on August 15, 2007, the Magistrate requested that the parties try to agree on a schedule for factual discovery and advised the parties that, if they could not agree, he would issue an order specifying the terms himself.  The Magistrate Judge informed the parties that he would allow the deposition of Plaintiff as to any places of employment not discussed in his first deposition and his immigration status as well as the deposition of representatives of the Virgin Islands Bureau of Internal Revenue and the United States Citizen and Immigration Services.  However, the Magistrate Judge never stated that the reopening of factual discovery would be limited to only these depositions.

Additionally, the August 27, 2007 Order granting Defendant's Motion to Compel and to Amend the Scheduling Order did not contain any language specifically limiting the parameters of factual discovery to these particular depositions.  See Magistrate Judge's Order Granting Def.'s Mot. to Compel and Amend Seventh Scheduling Order (Docket No. 104).  The Magistrate

Judge's August 27th Order granted Defendant's motion, which had requested that Defendant be allowed to "re-depose the Plaintiff, take depositions of representatives of the Virgin Island Bureau of Internal Revenue and U.S. Immigration and Naturalization Services, *and pursue other related discovery*." See Def.'s Mot. to Compel Pl. to Attend Interview and Deposition, and to Amend Seventh Scheduling Order, July 27, 2007 at 3 (Docket No. 93).

Plaintiff voluntarily signed the Stipulation to Amend the Seventh Scheduling Order (Docket No. 103), which the Court then granted and entered as the Eighth Scheduling Order (Docket No. 105). The language contained in the stipulation does not contain any limitations and states that, "Fact discovery and depositions shall be completed by September 30, 2007." See Stipulation to Amend Seventh Scheduling Order (Docket No. 103); see also Restatement (Second) of Contracts § 5, cmt. a ("The terms of a promise or agreement are those expressed in the language of the parties…"). There was nothing ambiguous about the filed stipulation and Plaintiff's misunderstanding of the terms does not change the facts in this case: 1) the stipulation is in writing; 2) counsel for Plaintiff filed a written objection to another provision of the proposed stipulation, which was amended before being signed and filed; 3) Plaintiff's counsel's signature appears on the stipulation; 4) the stipulation was accepted and approved by order of the Court. See Order Denying Plaintiff's Motion for a Protective Order at 2 (Docket No. 124). Generally, courts will not allow a party to avoid a written agreement on the ground of mistake, even as to a basic assumption, if the mistake was not shared by the other party. Restatement (Second) of Contracts § 153; see also Restatement (Second) of Contracts § 154 ("A party bears the risk of a mistake when the risk is allocated to him by the court on the ground that it is reasonable in the circumstances to do so.")

A court may set aside a stipulation where it is shown that the stipulation was improvidently entered into and would cause undue prejudice to a party, resulting in manifest injustice.  Morse Boulger Destructor Co. v. Camden Fibre Mills, Inc., 239 F.2d 382, 383 (3d Cir. 1956); see Kohn v. American Medal Climax Company, 458 F.2d 255, 307 (3d Cir. 1972); see also Waldorf v. Shuta, 142 F.3d 601, 617-18 (3d Cir. 1998) (finding that court may "free a party from a stipulation to prevent manifest injustice" only in "exceptional circumstances."); U.S. v. Kulp, 365 F.Supp. 747, 763 (E.D. Pa. 1973) (holding that court may relieve party from stipulation where "necessary to prevent an injustice.").  Plaintiff argues that, if he is not freed from the stipulation, he will suffer prejudice due to "increased litigation costs" and "unnecessary expenditure of scarce attorney time and judicial resources."  See Pl.'s Appeal of Magistrate Judge's Oct. 19, 2007 Order at 14.  The Court finds that Plaintiff has not presented a sufficiently compelling reason justifying relief from the stipulation.  See Fairmont Holdings, Inc. v. Blumenfeld Corp., 1990 WL 112123 at *2 (E.D. Pa. August 6, 1990) ("stipulations are subject to challenge only for the most compelling reasons.").

The Court agrees with the Magistrate Judge's Order Denying Plaintiff's Motion for a Protective Order, as the facts indicate that the stipulation was entered into freely and fairly and mere inadvertence or inattention on the part of counsel is not enough to set it aside.  Fairmont Holdings, Inc., 1990 WL 112123 at *2; see Norwich Pharmacal Company v. Rakway, Inc., 189 F. Supp. 348, 349 (E.D.Pa. 1960); Kohn, 458 F.2d at 307; Morse Boulger Destructor Co., 239 F.2d at 383; see also Restatement (Second) of Contracts § 154, cmt. a ("A party bears the risk of many mistakes as to existing circumstances even though they upset basic assumptions and unexpectedly affect the agreed exchange of performances.")  Courts generally encourage parties to enter into stipulations to promote judicial economy by narrowing the issues in dispute during

litigation.  Waldorf, 142 F.3d at 616; see T.I. Fed Credit Union v. delBonis, 72 F.3d 921, 928 (1st Cir. 1995).  "Allowing parties easily to set aside or modify stipulations would defeat this purpose, wasting judicial resources and undermining future confidence in such agreements."  Waldorf, 142 F.3d at 616.  Stipulations that are voluntarily entered into, as in this case, are binding and must be given full force and effect.  Fairmont Holdings, Inc., 1990 WL 112123 at *2.  Accordingly, the Court finds that the Magistrate Judge applied the proper legal standard in declining to amend the provision in the Eighth Scheduling Order that fact discovery and depositions will be completed by September 30, 2007.

**IV.  CONCLUSION:**

Plaintiff has failed to meet his burden of proving that the Magistrate Judge's Order Denying Plaintiff's Motion for a Protective Order was clearly erroneous or contrary to law.  The Court finds that the Magistrate correctly applied the law and appropriately denied Plaintiffs' Motion for a Protective Order.  For the reasons set forth herein, the Magistrate's Order Regarding Plaintiffs' Motion for a Protective Order is **AFFIRMED.**

**ENTERED this 13th day of May, 2008.**

_____/s/_____
**HONORABLE RAYMOND L. FINCH**
**U.S. DISTRICT JUDGE**